UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MICHAEL JOHN SCELZA, 23-B-5683,

                          Plaintiff,

       -against-

DEPARTMENT OF SUFFOLK COUNTY
CORRECTIONS, UNKOWN (MALE) SERGEANT
# 318; UNKNOWN (FEMALE) INTERNAL
SECURITY WORKER; UNKNOWN (FEMALE)
MEDICAL UNIT DOCTOR; UNKNOWN (ALL MALE)
TWO E.S.U. WORKERS and TWO CORRECTIONAL
OFFICERS;

                       Defendants.
-----------------------------------------------------------------------X

FILED
CLERK

4:12 pm, May 02, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
24-CV-00492(GRB)(JMW)

**GARY R. BROWN, United States District Judge:**

      Pursuant to the Court's March 21, 2024 Memorandum and Order granting the application of Michael John Scelza ("Plaintiff") to proceed *in forma pauperis* and dismissing the *pro se* complaint he had filed while incarcerated at Elmira Correctional Facility, Plaintiff has timely filed an amended complaint. Like the original complaint, Plaintiff complains of events alleged to have occurred while he was detained at the Suffolk County Correctional Facility. *Compare* Docket Entry "DE" 1 with DE 9. Upon review of Plaintiff's amended complaint, for the reasons that follow, the Court finds that Plaintiff has not alleged a plausible claim and the amended complaint is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).

## BACKGROUND

      Like the original complaint, Plaintiff's amended complaint is submitted on the Court's civil rights complaint form for actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and is brief. *See* DE 9. Plaintiff again alleges that, on seven specific dates in 2022 and 2023 while detained at the Suffolk County Correctional Facility's Riverhead location, he suffered a

deprivation of his constitutional right in regard to the conditions of his confinement and including the adequacy of medical care provided. *Id.*, *in toto*. The amended complaint is largely the same as the original complaint. Indeed, Plaintiff's fact section, in its entirety, is verbatim a duplicate of the fact section of the original complaint with the addition only of a new, final sentence. The amended complaint alleges:[1]

> On 12/1/22 at 11:30 a.m., lunch time Tier 4 East Sourth Cell number 30. This facility should have had it not possible to have cleaning chemicals and hair removal in my food, E.S.U. and correctional officers have no right beating me leaving me scars. On dates 12/1/22, 1/5/23, 8/17/23, and 9/23/23. I received the wrong medication from the morning meds nurse on 10/24/23. I felt messed up for a day and a half. She thought it was funny to give me someone else's meds. On 11/17/23 I came back from court at 5:00 p.m. and I was not fed a meal. Also asked my housing officer to please call down stairs for a meal, but he never even answered me about doing so. A correctional officer came to my cell talking about my medical history and a few weeks later I got a letter saying my medical records were breached. The letter was dated November 3rd but received it on November 18th. It was sitting in my housing unit draw for over two weeks. It is not the first time I caught this facility holding up postal. Also is a doctor down at medical trying to help staff cover things up. Very unprofessional. Shame on them for violating my civil rights. Please note I am sending a copy of that letter.[2] *Also was sexually assulted by one correctional officer by putting his hand down my pants and whispering perverted things in my ear.*

*Id.* at ¶ II at p. 4 (emphasis added). In the space that calls for a description of any injuries suffered and any medical treatment required and/or received Plaintiff again wrote: "Infection in

---

[1] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation or grammar will not be corrected or noted.

[2] Plaintiff has annexed to his complaint copies of correspondence between himself and Perry Johnson and Associates ("PJ&A") exchanged during November 2023. (*Id.* at pp 7-13.) It appears that Plaintiff received a letter dated November 3, 2023 from PJ&A entitled "Notice of Data Breach – Please Read Carefully" apprising him that there was a "data security incident impacting our systems on May 2, 2023" and that PJ&A "provides certain transcription and dictation services to Northwell [Health, Inc.]" (*Id.* at p. 8) The letter explained that, as a result, "Northwell has arranged to have Experian Identity Works protect your identity for one year at no cost to you." (*Id.*)

stomic, blurry eye sight, scars on my feet and mind state/mental health" and has added "from getting sexually assaulted." *Id*. at ¶ II.A. For relief, like in the original complaint, Plaintiff again seeks to recover a damages award in the sum of $10 million for "all the heinous things that happened to me by staff in Suffolk County Correctional Facility." *Id.* at ¶ III.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). Having already granted Plaintiff's IFP application (DE 8), the Court turns to the merits of the amended complaint.

**I. Sufficiency of the Pleadings**

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

>
> 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The
> plausibility standard requires "more than a sheer possibility that a defendant has
> acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128
> (2d Cir. 2011). While "detailed factual allegations" are not required, "[a]
> pleading that offers 'labels and conclusions' or 'a formulaic recitation of the
> elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting
> *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient
> to give the defendant "fair notice of what the . . . claim is and the grounds upon
> which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation
> omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

Although the Court set for the legal requirements to plausibly allege a deliberate indifference claim pursuant to Section 1983 challenging the conditions of Plaintiff's confinement and the adequacy the medical care he received while incarcerated at the Suffolk County Correctional Facility,[3] Plaintiff has not cured any of the deficiencies the Court identified. *See* DE 8-9. Indeed, notwithstanding the Court's clear guidance about the minimal pleading requirements (*see* DE 8 at 9-10), Plaintiff has again declined to comply with Federal Rule of Civil Procedure 8's "General Rules of Pleading." (*See* DE 9 *in toto*.) Indeed, as the Court explained:

> [T]he purpose of Rule 8 "is to give fair notice of the claim being asserted so as to
> permit the adverse party the opportunity to file a responsive answer, prepare an
> adequate defense and determine whether the doctrine of *res judicata* is
> applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)

---

[3] Notwithstanding the scant allegations, given Plaintiff's *pro se* status and the special solicitude afforded such litigants, the Court liberally construed the complaint as asserting deliberate indifference claims. (*See* DE 8.) Given that the amended complaint is virtually identical to the complaint, the Court again so construes Plaintiff's claims.

4

> (internal quotation marks and citation omitted). A pleading that only tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal citations and alterations omitted). *Pro se* pleadings are not exempt from the notice requirements of Rule 8, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004), and must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Erickson*, 551 U.S. at 93 (alteration in original) (quoting *Twombly*, 550 U.S. at 555). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

(DE 8 at 9-10.) Here, even upon a liberal construction, it is readily apparent that Plaintiff's amended complaint does not comport with Rule 8's requirements given that Plaintiff has simply resubmitted his vague allegations. Thus, they do not provide Defendants with fair notice and do not allege a plausible claim for relief for these reasons, the reasons set forth in the March 21, 2024 Memorandum and Order, and for the reasons that follow. Accordingly, the amended complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(i)-(ii), 1915A(b)(1).

## I. Lack of Capacity to be Sued

Although the Court dismissed the "Department of Suffolk County Corrections" as a defendant because it lacks an independent legal identity (*see* DE 8 at 4-5), Plaintiff continues to name this entity.[4] Nor has Plaintiff included any facts from which the Court could reasonably construe this claim as against the municipality, Suffolk County, having been afforded an opportunity to do so.[5] Accordingly, for the reasons set forth in the Court's March 21, 2024

---

[4] The Court understands this defendant to be the Suffolk County Sheriff's Department or the Suffolk County Correctional Facility. Either way, these entities are administrative arms of the municipality, Suffolk County, and each lack an independent legal identity and cannot be sued. *See Scelza v. Suffolk Cnty. Corr. Facility*, No. 23-CV-8106(GRB)(JMW), 2023 WL 8456069, at *3 (E.D.N.Y. Dec. 5, 2023) (citation omitted).

[5] Notably, this Court had previously explained to Plaintiff in an earlier action he filed against the Suffolk County Correctional Facility:

> Municipal governments, like Suffolk County, may be held liable under Section 1983 'only for unconstitutional or illegal policies, not for the illegal conduct of their employees.' *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, Suffolk County could only face liability if Plaintiff alleged a pattern or practice of such conduct. To state a claim against a municipality under Section

Memorandum and Order (DE 8 at 4-6), Plaintiff's Section 1983 claim against this defendant is not plausible and it is therefore dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

## II. Lack of Personal Involvement

Similarly, the amended complaint has not cured any of the deficiencies noted by the Court with regard to Plaintiff's claims against the individual defendants. Plaintiff continues to name individuals as defendants in the caption and identification of parties sections of the complaint but has omitted them from his statement of claim. (DE 9 at 1-4.) Wholly excluded from the factual allegations are any references to or allegations of conduct or inaction attributable to "Unknown (male) Sergeant Shield #318" and "Unknown (female) Internal Security Workers." *See* Am. Compl., DE 9, *in toto*. Further, Plaintiff again generally claims that "E.S.U. and Correctional Officers have no right beating me leaving me scars" but has not included any facts alleging who was personally involved nor has he otherwise provided any facts surrounding that allegation. (*Id*.) Plaintiff also alleges that a "correctional officer" on an unspecified date and time "came to my cell talking about my medical history" and appears to suggest that there is a correlation between that event and his receipt of the November 3, 2023 letter describing a data breach involving Northwell Health. (*Id*. at 4.) Further, Plaintiff claims he "was sexually assulted by one correctional officer by putting his hand down my pants and whispering perverted things in my ear." (*Id*.) With regard to the "Medical Unit Doctor",

---

1983, 'the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom.' (*id*.) (internal quotation marks and citation omitted).

*Scelza*, 2023 WL 8456069, at *3-4 (quoting *Parker v. Suffolk County Police Dep't*, No. 22-CV-3969(GRB)(AYS), 2023 WL 5047784, at *6 (E.D.N.Y. Aug. 7, 2023)).

6

Plaintiff's only allegation relating to this defendant is that there is a "Doctor down at medical trying to help staff cover things up." (*Id.*)

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotations marks omitted). Simply naming the individuals against whom relief is sought is insufficient because "bald assertions and conclusions of law" are do not establish personal involvement. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Indeed, "'[d]ismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.'" *Dean v. Annucci*, No. 22-CV-0746, 2023 WL 2325074, at *6 (N.D.N.Y. Mar. 2, 2023) (quoting *Cipriani v. Buffardi*, No. 06-CV-889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (add'l citation omitted)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

Here, Plaintiff's omission any factual allegations of conduct or inaction attributable to any of the Defendants (*see* DE 9 *in toto*) renders his Section 1983 claims against them implausible. *See, e.g.*, *Booker v. Suffolk Cnty. Dep't of Corr.*, No. 23-CV-732(GRB) (AYS), 2023 WL 7663288, at *4 (E.D.N.Y. Nov. 15, 2023) (dismissing Section 1983 claims where there were no allegations of conduct or in action attributable to any of the individual defendants). Thus, Plaintiff's Section 1983 claims are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

### III. Plaintiff Does Not Plausibly Allege a Deliberate Indifference Claim

Even assuming Plaintiff had adequately alleged the personal involvement of each

7

Defendant, Plaintiff has not plausibly alleged a deliberate indifference claim. Although the Court invited Plaintiff to allege in his amended complaint whether he was a pre-trial detainee or a convicted inmate at the time of the challenged conduct (DE 8), he has declined to do so. (*See* DE 9.) As the Court explained:

> A state pretrial detainee is protected under the Due Process Clause of the Fourteenth Amendment whereas a convicted inmate is protected from cruel and unusual punishment under the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Under either amendment, "[t]he deliberate indifference standard embodies both objective and subjective elements: (1) the alleged deprivation must be, in objective terms, sufficiently serious; and (2) the charged official conduct must act with a sufficiently culpable state of mind." *Espinosa v. Nassau Cnty. Corr. Ctr.*, No. 20-CV-0223 (GRB), 2020 WL 4614311, at *3 (E.D.N.Y. July 22, 2020) (internal quotation marks and citation omitted).
>
> Although a deliberate indifference claim under either the Eighth or Fourteenth amendment has an objectively "sufficiently serious" injury requirement, there is a difference in the second requirement -- the state of mind of the defendant -- dependent upon which amendment is applicable. Under the Fourteenth Amendment, a plaintiff must allege that the defendant acted with a subjectively sufficient state of mind, *i.e.*, the defendant "knew or should have known" that "an excessive risk to health or safety" would result. *Id.* In contrast, under the Eighth Amendment, "[d]eliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm. A prison official does not act in a deliberately indifferent manner unless that official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020) (internal quotation marks and citation omitted).

DE 8 at 8-9. As is readily apparent, given that Plaintiff has largely resubmitted his original complaint as his amended complaint, there are simply no facts from which the Court could reasonably construe a plausible deliberate indifference claim under either amendment. Given the absence of any allegations concerning any individual -- much less his or her state of mind – Plaintiff's Section 1983 claims fail and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

### IV. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the amended complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's amended complaint.

### VI. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiff has already been afforded that opportunity. In an abundance of caution, the Court

9

granted leave to file an amended complaint to allow Plaintiff an opportunity to allege a plausible claim and made clear that any amended complaint shall

> include facts from which the Court could reasonably construe that the conditions of his confinement and/or his alleged medical condition were extreme enough to constitute a 'substantial risk of serious harm' and that each named Defendant consciously disregarded it. If Plaintiff does not know the identity of any individual he seeks to hold liable, he may name such individual as "John Doe" or "Jane Doe" and shall include factual allegations including, the best of his ability, the date(s), time(s), and location(s) of the even alleged and a description of how that individual's conduct or inaction violated his rights.

DE 8 at 11-12. "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 US 180, 184 (1989). Given that Plaintiff has ignored the Court's guidance,[6] leave to further amend the complaint would be unproductive and is thus denied.

V.  **Section 1915 Privilege**

The Second Circuit has long-established that "the benefit of § 1915 is a privilege, not a right . . . and that the court's 'extra measure of authority' in dealing with § 1915 actions is necessary because frivolous suits unduly burden the courts, sometimes obscuring meritorious claims, occasion significant expenditures of public monies, and are a means by which plaintiffs can use the federal government to harass individual defendants." *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (citations omitted). As *in forma pauperis* status is not a constitutional right but rather a congressionally created benefit, it can be extended or limited by Congress. *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (citation omitted). Indeed, to help staunch a "flood of

---

[6] Indeed, Plaintiff as also instructed that "[a]ny amended complaint shall be clearly labeled "'Amended Complaint'" (DE 8 at 11) yet Plaintiff did not do that either. *See* DE 9.

10

nonmeritorious" prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule. *Lomax v. Ortiz-Marquez*, 590 U.S. ----, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)). That rule generally prevents a prisoner from bringing suit *in forma pauperis*—that is, without first paying the filing fee—if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *Id*. (quoting 28 U.S.C. § 1915(g)).

In determining when a plaintiff should receive a strike for a dismissed case under section 1915(g), the Second Circuit has made clear that district courts should not impose strikes in its dismissal orders. *See Barreto v. Cnty. of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) (citing *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004)). Rather, a district court should only consider whether a plaintiff has three strikes if it appears that the plaintiff has run afoul of section 1915(g) and is barred from proceeding *in forma pauperis* in the instant action. *See id.* As such,

> [T]he district court judgments should clearly set forth the reasons for dismissal, including whether the dismissal is because the claim is "frivolous," "malicious," or "fails to state a claim," whether it is because the prisoner has failed to exhaust an available administrative remedy, or for other reasons.
>
> Clarifications of this sort will undoubtedly assist subsequent courts that must determine whether a plaintiff is barred from maintaining an action *in forma pauperis* by the three strikes rule of Section 1915(g).

*Deleon*, 361 F.3d at 95 (citing *Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999)) (purgandum).[7]

Incarcerated litigants face a greater risk of various harms while in prison, including physical injuries, poor prison conditions, inadequate medical care, and other constitutional

---

[7] *See Farmers Property and Casualty Insur. Co. v. Fallon*, No. 21-CV-6022 (GRB)(ARL), 2023 WL 4975977, at *3 n.6 (E.D.N.Y. Aug. 3, 2023) (discussing use of "purgandum" to indicate the removal of superfluous marks for the ease of reading).

11

deprivations, making their access to relief from the judicial system of the utmost importance. *See Rosa v. Doe*, No. 21-2628, 2023 WL 8009400 (2d Cir. Nov. 20, 2023) (discussing history and importance of *in forma pauperis* status). This access, however, when done through *in forma pauperis* status, is not unrestricted and the indigent prisoner should be made aware of the limitations. Once a prisoner accrues three dismissals based on either frivolousness, maliciousness, or for failure to state a claim, that prisoner will be prohibited from commencing another action or appeal *in forma pauperis* unless he is in imminent physical danger—regardless of the meritoriousness of the case. *See, e.g., Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (affirming dismissal of prisoner's *in forma pauperis* action alleging claims of exposure to mold and unjust discipline based on the three-strikes rule); *Fate v. New York*, No. 19-CV-4107 (CS), 2021 WL 1177966, at *7 (S.D.N.Y. Mar. 26, 2021) (dismissing prisoner's *in forma pauperis* case alleging campaign of police harassment and retaliation and a physical assault under the three-strikes rule). Indeed, "[r]equiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Nicholas v. Tucker*, 114 F.3d 17, 21 (2d Cir. 1997) (citation omitted).

      Here, the Court does not impose any strikes against the Plaintiff but will note, however - - for the *pro se* Plaintiff's benefit - - that the statute under which he is proceeding is a privilege subject to revocation. And the plain language of § 1915(g) suggests that such revocation is compulsory in the face of abuse. *See* 42 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has [violated the three-strike rule] unless the prisoner is under imminent danger of serious physical injury.") (emphasis added); *see also Lomax*, 140 S. Ct. at 1723-24 ("That provision bars further IFP litigation once a prisoner has

had at least three prior suits dismissed on specified grounds."). Accordingly, the Plaintiff proceeding *in forma pauperis* here is cautioned that the dismissal of the present complaint for failure to state a claim may be considered a strike by a future court and contribute to the determination that he has violated the three-strikes rule of § 1915(g), barring him from commencing further actions or appeals *in forma pauperis*.

## CONCLUSION

Based on the foregoing, the amended complaint (DE 9) is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1). The Clerk of the Court shall enter judgment accordingly and close this case. The Clerk of the Court shall also mail a copy of this Memorandum and Order to the *pro se* Plaintiff at his address of record in an enveloped marked "Legal Mail" and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s/ Gary R. Brown

**Gary R. Brown**
**United States District Judge**

Dated: May 2, 2024
Central Islip, New York

13